UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEVE DMYTRUSZ,

       Plaintiff,

v.	Case No. 1:15-CV-408

WELLS FARGO HOME MORTGAGE	HON. GORDON J. QUIST
COMPANY, INC.,

       Defendant.
_____/

## OPINION REGARDING DISMISSAL OF PLAINTIFFS' CLAIMS

Plaintiff, a mortgage borrower, filed a complaint against Defendant, a mortgage lender, in the Ottawa County Circuit Court on or about April 2, 2015 alleging two claims—breach of forbearance agreement and unlawful foreclosure. Defendant removed the case to this Court on April 16, 2015 on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). On April 30, 2015, Defendant filed an answer and affirmative defenses, in which it raised the statute of frauds under M.C.L. § 566.132(2) as a bar to Plaintiff's claims. (Dkt # 5 at Page ID#113.) A scheduling conference was held before the magistrate judge on July 15, 2015. (Dkt. # 8.)

On July 28, 2015, the Court entered an Order directing Plaintiff to submit a copy of the forbearance agreement, or Trial Payment Plan (TPP), as Plaintiff had described it, and to explain why the Court should not dismiss his claims for failure to state a claim. Defendant was allowed an opportunity to reply to Plaintiff's response. On August 11, 2015, Plaintiff filed a response, in which he stated that he did not have a TPP signed by an authorized representative of Defendant but requested discovery pertaining to whether Defendant possessed such a document. (Dkt. # 11.) On

September 2, 2015, the Court entered an Order directing Defendant to search its records for a signed TPP and file it with the Court in the event it had such a document in its possession. Otherwise, Defendant was to file an affidavit stating that it does not possess a signed TPP and indicting the steps it took to search its records. (Dkt. # 15.) On September 30, 2015, Defendant filed a response to the September 2, 2015 Order and an affidavit confirming that Defendant does not possess a written loan modification agreement for Plaintiff's mortgage loan that Defendant has signed. (Dkt. # 16-1 at Page ID#158.)

Resolution of Plaintiff's breach of forbearance claim in Count I of his complaint is fairly straightforward. As the Court previously noted, because Plaintiff's claim is premised upon an alleged modification agreement by a financial institution, Michigan's statute of frauds—which provides that a loan modification is not enforceable unless memorialized in a writing containing an authorized signature by the lender—applies to Plaintiff's claims. M.C.L. § 566.132(2); *see also Goss v. ABN AMRO Mortg. Grp.*, 549 F. App'x 466, 472 (6th Cir. 2013). The lack of a written modification agreement signed with an authorized signature of Defendant is fatal to Plaintiff's breach of forbearance agreement claim. *See Trombley v. Seterus Inc.*, __ F. App'x __, 2015 WL 3620412, at *5 (6th Cir. June 11, 2015).

In his unlawful foreclosure claim in Count II, Plaintiff alleges that the parties entered into a loan modification agreement, that Plaintiff performed all of his obligations under that agreement, and that in spite of Plaintiff's performance, Defendant "failed to perform its end of the bargain by refusing further payments" and thereafter wrongfully foreclosed. (Dkt. # 1-2 at Page ID##21–22.) Plaintiff alleges that "Defendant's actions as alleged herein dates [sic] constitutes a gross irregularity in the foreclosure process that justify [sic] this Court in setting aside the foreclosure sale." (*Id.* at Page ID#22.) Plaintiff's wrongful foreclosure claim is merely a restatement of his breach of

forbearance agreement claim. That is, Plaintiff alleges that Defendant's failure to perform under the TPP rendered the foreclosure wrongful.  As such, Plaintiff's wrongful foreclosure claim is subject to the statute of frauds, which applies to any "claim–no matter its label–against a financial institution to enforce the terms of an oral promise to waive a loan provision." *Crown Tech Park v. D & N Bank, FSB*, 242 Mich. App. 538, 550, 619 N.W.2d 66, 72 (2000).  Although Plaintiff alleges a gross irregularity in the foreclosure process, he does not allege noncompliance with Michigan's foreclosure-by-advertisement statute, M.C.L. § 600.3208.  Accordingly, Count II—based on Defendant's alleged breach of the forbearance agreement—is also barred by the statute of frauds.

For the foregoing reasons, Plaintiff's claims are subject to dismissal, and the Court will enter an Order dismissing Plaintiff's claims with prejudice.

Dated:  October 22, 2015                         /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE